T.C. Memo. 1996-403

UNITED STATES TAX COURT

BILL R. AND CAROLINA N. THOMAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12096-94.                    Filed August 27, 1996.

<u>Kenneth Alan Thomas</u>, for petitioners.

<u>Alvin A. Ohm</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent
determined a deficiency in petitioners' Federal income tax for
1991 in the amount of $1,335.  After concessions, the issue for

---

[1]    Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

decision is whether petitioners are entitled to a Schedule A deduction claimed for unreimbursed employee business expenses.

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received into evidence are incorporated herein by this reference. Petitioners resided in Dallas, Texas, at the time their petition was filed.

During the tax year in question, Bill R. Thomas (petitioner) was a practicing certified public accountant and owner of an accounting practice, Thomas & Associates, P.C. Petitioner managed the office, supervised field audits, and performed consulting work. The business was organized as a professional corporation for which corporate tax returns were filed.

Petitioner owned a second business, Thomas Business Brokerage, a sole proprietorship engaged in the sale of companies. Both the accounting practice and brokerage business required petitioner to travel locally and away from home. Petitioners owned four cars. Petitioner used one car for business travel, commuting, and some personal travel. Petitioner recorded the odometer readings of this car at the beginning and end of the taxable year. Petitioner also maintained a daily calendar on which he recorded names representing the clients with whom he met on that day. He did not write down the nature of the business conducted or a location of the meeting.

At trial, petitioner testified as to approximate distances traveled and the nature of the business involved with respect to

various names on his calendar.  Petitioners attached an exhibit, a summary of petitioner's business travel for 1991, including mileage totals, to their posttrial brief.  This exhibit was not offered or entered into evidence at trial, and therefore is not evidence.  See Rule 143(b).

Petitioner testified that it was the policy of the accounting firm to reimburse employees for their mileage expense. Petitioner testified that although he was entitled to reimbursement from the accounting firm for his mileage expense, he chose not to request reimbursement because of the financial condition of the firm.  Petitioner received no wages or compensation from the accounting firm, although all other employees were paid.

During 1991, petitioner traveled to Santa Fe, New Mexico, to attend a required Government course in order to qualify to perform certain audits.  Petitioner drove from Dallas and stayed in a hotel while in Santa Fe.

On their 1991 Federal income tax return, petitioners claimed a Schedule A deduction for unreimbursed employee business expenses of $8,188.  These expenses included $5,913 for vehicle expense, $150 for parking fees, tolls, and local transportation, $1,775 for other business expenses, and $350 for union and professional dues.  Petitioner had been audited for a prior year's return, which resulted in the allowance of a business deduction for automobile expense based on 82 percent of his total

annual mileage.  For the taxable year at issue, petitioner multiplied the standard mileage rate of 27.5 cents by 82 percent of his annual mileage, and claimed this amount as vehicle expense.  Petitioner filed a Schedule C, reporting income and deducting expenses incurred in the brokerage business, but did not deduct any automobile expense.

In the notice of deficiency, respondent disallowed $6,663 of petitioners' claimed employee business expenses for lack of substantiation.  The disallowed expenses include $5,913 for vehicle expense, $150 for parking fees, tolls, and local transportation, and $600 for other business expenses.  In her brief, respondent concedes the $150 deduction for parking fees, tolls, and local transportation.

Respondent's determinations are presumed correct, and petitioners have the burden of proving them erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Deductions against income are allowed as a matter of legislative grace.  New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934).  Taxpayers must maintain adequate records to substantiate the amount of any deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Generally, when evidence shows that petitioners incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).  An exception to the Cohan rule is

section 274(d), which prohibits the estimation of expenses for travel or deductions with respect to certain listed property. Sec. 274(d). Listed property includes automobiles. Sec. 280F(d)(4).

Section 274(d) requires substantiation of these expenses either "by adequate records or by sufficient evidence corroborating the taxpayer's own statement." Sec. 274(d). The records must show the amount, date, and business purpose of each expense or business use. Id.; sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The regulations provide that other evidence may be offered in the form of sampling. Taxpayers may use adequate records maintained for "a portion of the taxable year" to substantiate business use for the entire year if they "demonstrate by other evidence that the periods for which an adequate record is maintained are representative of the use for the taxable year". Sec. 1.274-5T(c)(3)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46021 (Nov. 6, 1985).

Petitioner's daily calendar does not meet the requirement of adequate records to substantiate petitioners' claimed deduction for vehicle expense. While it contains dates and client names, it fails to indicate mileage or business purpose for any of the entries. In the alternative, petitioners contend that 82 percent represents a sampling of mileage from a prior year and is sufficient evidence, arguing that the regulations do not mandate

that each taxable year be treated independently. The language of the regulations is clear and does not permit estimation of current business use by reference to a prior year. In addition, there is no indication on the record that the 82 percent was based on adequate records or any evidence that the prior year was representative of the year at issue.

Petitioners offered no further evidence at trial. Accordingly, petitioners have not met the requirements of substantiation under section 274(d). Respondent is sustained on this issue.

Because petitioners failed to substantiate the automobile expense, we need not address their general contention that they are entitled to a business deduction for petitioner's mileage expense because he was not reimbursed by the accounting firm. We note, however, that a taxpayer ordinarily is not allowed a trade or business deduction for expenditures to the extent that he has a right of reimbursement from the corporation. Leamy v. Commissioner, 85 T.C. 798, 809-810 (1985).

It is unclear from the record what the business expenses of $600 are. Petitioner testified at trial that he stayed in Santa Fe for approximately 3 days. However, he did not testify as to the amount of the expenses incurred and did not produce any receipts or documentary evidence for support. Therefore, petitioners have failed to substantiate the $600 in business expenses, and respondent is sustained on this issue.

<u>Decision will be entered under Rule 155</u>.